Tucker,- P.
We may safely affirm, I think, in reference to the principles which must govern this case, that every transaction tainted with fraud is void, even though the fraud does not appear upon the face of it; and that neither a court of law or equity will lend its aid in support of a fraudulent demand, or further the iniquitous contrivances of one who has taken an undue advantage of an innocent and unsuspecting party. Stark. Ev. part 4. Am. edi. vol. 2. p. 586. Chitt. on Contr. 222. 2 Saund. on Plead. & Ev. Am. edi. 29. It is true, that in some cases, a party may be estopped by the solemnity of his act, from alleging the fraud which has been committed, but except in these cases the ■jurisdiction of courts of law is as complete as that of a court of equity, although they do not possess equal facilities for detecting and exposing the knavery of the wrongdoer.
It may also safely be affirmed that.no award can be good without a valid submission; and this is equally true, whether we consider the submission as a contract between the parties, or regard it as a mere authority or power to the arbitrators, to adjudicate between contending parties. In either case, the submission is the foundation of their authority, and from it springs all the respect and sanctity which has justly been paid to the judgments of this tribunal selected by the parties themselves. Take away the submission, and the arbitrators are without authority, and their award is a void and inofficious act. And this is equally the case, whether there has never been even the semblance of a submission, or that submission has been null and void for whatsoever cause; whether for infancy, coverture, or fraud. ■
I do not indeed understand it to be controverted, that if the award were assailed in a court of equity on the ground of the submission having been obtained by fraud, the establishment of that fact would vacate the award. The real question then is, whether this, which would be a valid and triumphant, defence in equity, can be made in a court of *703 law 1 I know no authority which contravenes the right of the party to avail himself of it before that tribunal. No case to the contrary has been cited. There is no estoppel here, as the submission is by parol. The agreement to submit is to be established by oral testimony, and that testimony must not, cannot be garbled. In the attempt to establish that contract, whatever entered into it, or formed the consideration for it, is part of the transaction itself, and must be heard and considered. A court of law is as competent to the examination of it as a court of equity, and is equally hound to see that the very foundation of the plaintiff’s demand is not false and unsound. If there be no agreement to submit, there is no cause of action ; and if there be fraud, the agreement to submit is void and of no effect.
The only question, which could plausibly be raised as to this defence, in the present case, is, whether the evidence was proper under the general issue; since the plaintiff may be taken by surprize, where the defence of fraud is not specially pleaded. But this matter has long been settled. Where fraud is intended to be set up as a defence, it may be given in evidence under the general issue in assumpsit. 2 Saund. on Plead. & Ev. Am. edi. p. 29. Smith v. Bromley, 2 Doug. 3rd edi. 699. in notes. Cockshol v. Bennett, 2 T. R. 763. Jackson v. Duchaire, 3 T. R. 551. It goes to annul the pretended promise, and therefore strikes at the foundation of the action. It is proper evidence, of course, under the general issue, and ought not to be specially pleaded. Like the defences of infancy, lunacy, coverture, duress and usury, it may be introduced under the plea of non assumpsit; and if the party is surprized, his redress is in a new trial. 2 Stark. Ev. 126.
I am of opinion, that the judgment should be reversed for this cause, without going into an examination of the other errors assigned. I will remark, however, that I do not look upon the transaction disclosed by the evidence, as a submission and award, on which an action can be sustained. There is no characteristic of such an award about it. The parties, as a means of settling their accounts, agreed to abide *704 by the measurement of a particular person. They did not leave it to that person to award what one should pay the other. They referred to him the ascertainment of certain hems in the account between them. The suit should have been upon the account for work and labour, and the award (if you will call it so) or the measurement and valuation of Howard (as I should call it) would have been, by the agreement of the parties themselves, conclusive as to the amount and price of the work. In such a form of declaring too, there would be no difficulty about the interest, if the jury chose to give it; and, moreover, the plaintiff, if the submission to Howard be overthrown, would be at liberty to supply the want of his valuation, by other testimony. On the whole, I indulge the hope, that in reversing this judgment and sending the cause back for a new trial, the justice of the case will be promoted; as the plaintiff may move to amend-his declaration, by adding a new count for work and labour, or upon the original contract, if there was one; while the appellant will have the opportunity he has sought, of sifting the transaction as to the submission, and setting it aside, if he can establish the fraud which he alleges was employed in its procurement.
Care, J.
I subscribe to the opinion of the president, that the court erred in excluding the proof of fraud in the submission. With respect to the character of the paper declared on, whether an award or not, I have not so examined it as to make up an opinion, the point not being necessary to the decision of the case.
Cabell, J. concurred. Judgment reversed, and cause remanded for a venire de novo.